IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUNSET CARTAGE, INC., an Illinois Corporation,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL T. HAFFNER, AS TRUSTEE AND CHAIRMAN OF THE CHAUFFEURS, TEAMSTERS AND HELPERS LOCAL UNION NO. 301 HEALTH AND WELFARE FUND; MICHAEL T. HAFFNER AS TRUSTEE AND CHAIRMAN OF THE CHAUFFEURS, TEAMSTERS AND HELPERS LOCAL UNION NO. 301 PENSION FUND; AND CHAUFFEURS, TEAMSTERS AND HELPERS LOCAL UNION NO. 301,<br><br>　　　　　　　　　　Defendants. | Case No. 17 CV 7126 |

**COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF**

NOW COMES the Plaintiff, SUNSET CARTAGE, INC. ("Sunset"), and for its Complaint For Injunctive and Other Relief against MICHAEL T. HAFFNER, AS TRUSTEE AND CHAIRMAN OF THE CHAUFFEURS, TEAMSTERS AND HELPERS LOCAL UNION NO. 301 HEALTH AND WELFARE FUND ("Welfare Fund"); MICHAEL T. HAFFNER AS TRUSTEE AND CHAIRMAN OF THE CHAUFFEURS, TEAMSTERS AND HELPERS LOCAL UNION NO. 301 PENSION FUND ("Pension Fund") and CHAUFFEURS, TEAMSTERS AND HELPERS UNION NO. 301, states as follows:

**JURISDICTION AND VENUE**

1.　Subject matter jurisdiction over this action arises under the laws of the United States and is brought pursuant 28 U.S.C. 1331 because Sunset's claim arises under the federal common law of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C.

1

§1001et seq. (hereinafter referred to as "ERISA") and under Section 301 of the Taft-Hartley Act, 29 U.S.C.§185. Jurisdiction is based upon the existence of questions arising thereunder as hereinafter more fully appears.

2. Jurisdiction to issue the remedy sought herein is also provided in the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq.

3. Venue in this Court is proper under 28 U.S.C. §1391(b)(1)(2) because the Defendants reside in this District and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTS

4. Sunset is an Illinois Corporation conducting business within this judicial district. Sunset is an "employer" as defined under Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

5. The Chauffeurs, Teamsters & Helpers Local Union No. 301 ("Union") is a labor organization within the meaning of Section 3(4) of ERISA, 29 U.S.C. § 1002(4).

6. Sunset and the Union have been parties to a collective bargaining agreement since at least May 1, 1995 through April 30, 2000 ("CBA").

7. The collective bargaining relationship between Sunset and the Union is governed by Section 9(a) of the National Labor Relations Act, 29 U.S.C. §159 (a).

8. The CBA contains an automatic renewal provision which provides:

> This Agreement shall become effective as of the First day of May, 1995, and shall remain in full force and effect through April 30, 2000. This agreement shall automatically renew itself year to year thereafter unless the Union or the Employer notifies the other in writing no less than sixty (60) days prior to the expiration date.

9. The CBA has automatically renewed from April 30, 2000 – present.

10. Neither the Union nor Sunset provided written termination of the CBA no less than sixty (60) days prior to April 30, 2017. Thus, the CBA has been annually renewed and is currently in effect.

11. The Pension and Welfare Funds are multi-employer employee benefit plans within the meaning of Section 3(3) and (37) of ERISA, 29 U.S.C. §1002(3) and ((37), and maintain their principal places of operation in Waukegan, Illinois.

12. Michael T. Haffner ("Haffner") is a Chairman and trustee of the Welfare Fund and the Pension Fund and, as such, is a fiduciary within the meaning of Section 3(21) of ERISA, 29 U.S.C. §1002(21).

13. Pursuant to the CBA, Sunset is required to submit reports and contributions to the Welfare and Pension Funds for its covered employees' welfare and retirement benefits respectively on a monthly basis for each regular employee covered by the CBA and payments for employees who authorized deductions from their paycheck to a reserve for the Welfare Fund.

14. In turn, the Pension Fund is required to provide credit to Sunset's covered employees for said employees' retirement and the Welfare Fund is also required to provide credit for said employees' medical, prescription drug, dental, vision, weekly income, life insurance and accidental death and Dismemberment Insurance.

15. The Welfare and Pension Funds have accepted reports and contributions from Sunset for work performed by Sunset's covered employees through June 30, 2017.

16. Sunset submitted its reports and contributions for work performed by its covered employees during the months of July through August 2017 but they were returned to Sunset by the Welfare and Pension Funds.

17. The Pension and Welfare Funds claim that they cannot accept the reports and contributions from Sunset and are not required to credit Sunset's covered employees for the payments based upon the reports and contributions that were submitted by Sunset including payments for employees who authorized deductions from their pay to a reserve for the Welfare Fund. .

18. Sunset claims that the Pension and Welfare Funds are required to accept the reports and contributions and that the Pension and Welfare Funds are also required to provide credit to Sunset's covered employees for the work they performed for July 1, 2017 – present based upon the reports and contributions that were submitted by Sunset including payments for employees who authorized deductions from their pay to a reserve for the Welfare Fund.

19. As a result of the Pension and Welfare Funds' refusal to accept Sunset's reports and contributions, covered employees of Sunset have not received credit toward health insurance or toward their pension for work they performed from July 1, 2017 – present. In addition, employees who authorized deductions from their pay to a reserve for the Welfare Fund have not received credit for these payments.

20. As a result of the Pension and Welfare Funds' refusal to accept Sunset's reports and contributions, the Welfare Fund has refused to provide coverage for health insurance for Sunset's covered employees pursuant to the CBA and has refused to credit employees who authorized deductions from their pay to a reserve for the Welfare Fund.

21. The persons listed on the contributions reports submitted by Sunset are covered employees for whom the Pension and Welfare Funds are required to accept contributions and provide credit included credit for a reserve fund as reported by Sunset.

22. As a result of the Welfare Fund's refusal to provide credit for work performed by Sunset's covered employees, the Welfare Fund abruptly terminated health insurance coverage for Sunset's covered employees without any advance notice to Sunset's covered employees.

23. The Welfare Fund's refusal to accept Sunset's reports and contributions to provide credit to Sunset's covered employees is unlawful and contrary to the CBA. As a result of the Welfare Fund's unlawful conduct, 1 or more covered employees do not have health insurance.

24. In addition, some covered employees were told by the Welfare Fund that they could only obtain health insurance coverage if they "self pay" but the Welfare Fund reserved the right to terminate self pay when deemed appropriate. As a result, some covered employees self paid the Welfare Fund under duress. Sunset reimbursed these employees in order to mitigate damages and to prevent employees from leaving Sunset's employ.

25. One of Sunset's employees, Lisa Stemmen, began working for Sunset Cartage, Inc. on or about July 31, 2017. Approximately 2 years ago Lisa Stemmen was diagnosed with and underwent intensive surgery and treatment for cancer. Ms. Stemmen is required to visit her doctor and undergo tests every 6 months to determine whether the cancer has returned. Her next check up is in the middle of December, 2017.

26. Ms. Stemmen also has a problem with her thyroid which requires her to take medication every day and go to the doctor on a regular basis to determine if any adjustments should be made in her medication. Ms. Stemmen is set to visit her doctor for a check up on her thyroid in the middle of October 2017.

27. The Teamsters Local Union No. 301 Health And Welfare Fund has refused to accept contributions on Ms. Stemmen's behalf for the time she has been working for Sunset Cartage, Inc. since approximately July 31, 2017. As a result, Ms. Stemmen currently does not

have health insurance but needs it to cover her doctor's visits and medical costs. The lack of health insurance will also devastate and cause her irreparable harm if her cancer returns because she does not have the means to pay for the medical costs associated with diagnosing and treating cancer.

28. Ms. Stemmen will also be penalized by the federal government because she does not have insurance.

29. Another one of Sunset's covered employee's wife was required to travel to Mexico for medicine because she could not afford to pay the cost for it in the United States.

30. The Union also claims that there is no collective bargaining relationship between Sunset and the Union.

31. An actual and justiciable controversy exists between Plaintiff and Defendants which is ripe for judicial review.

WHEREFORE, Plaintiff prays that this Honorable Court:

A. An Order, temporarily and permanently, enjoining and restraining the Pension and Welfare Funds and their trustees, administrators, agents, officers, representatives, employees and servants and all those acting in concert with them and their behalf or by their direction from refusing to accept fringe benefit reports, contributions and reserve payments from Plaintiff;

B. An Order, temporarily and permanently, enjoining and restraining the Pension and Welfare Funds and their trustees, administrators, agents, officers, representatives, employees and servants and all those acting in concert with them and their behalf or by their direction from refusing to credit Plaintiff's covered employees for work performed by them based upon fringe benefit reports, contributions and reserve payments submitted by Plaintiff;

C. Declare that the Pension and Welfare Funds are required to accept fringe benefit

reports, contributions and payments to employees' reserve fund from Plaintiff;

D. Declare that the Pension and Welfare Funds, including the reserve fund of the Welfare Fund, are required to credit Plaintiff's covered employees for work performed by them based upon fringe benefit reports and contributions submitted by Plaintiff;

E. Declare that a collective bargaining relationship exists between the Union and Plaintiff;

F. Order Defendants to compensate Plaintiff for all damages incurred by it;

G. Award Plaintiff its attorneys fees and costs;

G. Award Plaintiff such other relief deemed just and equitable.

                                        Respectfully submitted,

                                        SUNSET CARTAGE, INC.

                                        By:   /s/Joseph P. Berglund
                                                Its Attorney

Attorney For Sunset Cartage, Inc.
Joseph P. Berglund
Law Offices Of Joseph P. Berglund, P..C.
1010 Jorie Boulevard, Suite 370
Oak Brook, Illinois 60523
(630) 990-0234
Email: Berglundmastny@aol.com